Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Richard Halavais

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Halavais individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>AccountNow, Inc.<br><br>Defendant. | Case No: **'12CV1921 BEN RBB**<br><br>**CLASS ACTION**<br><br>**Complaint For:**<br>**1. Violation of the Americans with Disabilities Act**<br>**2. Violation of the Unruh Civil Rights Act**<br>**3. Violation of California Civil Code § 51.5**<br>**4. Unfair Business Practices.**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. This is a nationwide class action complaint brought by Richard Halavais ("Plaintiff") on behalf of himself and all similarly situated against AccountNow, Inc. for violations of the American with Disabilities Act ("ADA"), violations of the Unruh Civil Rights Act, and unfair business practices.

**JURISDICTION AND VENUE**

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343 based on the Americans with Disabilities Act (ADA).

3. The district court has supplemental jurisdiction of Plaintiff's state law claims because they are "so related to claims in the action with the original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

4. This action arises out of Defendant's violations of the American with Disabilities Act ("ADA"), violations of the Unruh Civil Rights Act, and unfair business practices.

5. Because Defendant does business within the State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

7. Plaintiff resides within California.

8. At all times relevant, Defendant conducted business within the State of California and the acts complaint of occurred within this district.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of San Diego, State of California.

10. Defendant, AccountNow, Inc., ("AccountNow") is located in the City of San Ramon, in the State of California.

11. At all times relevant herein, Plaintiff had an account with AccountNow.

12. Defendant does business in California and Plaintiff are informed and believe Defendant provide financial and/or banking services throughout the United States.

13. All actions of each defendant herein were ratified and approved by officers, directors, and/or the managing agents of every other defendant.

### FACTUAL ALLEGATIONS

14. On or about May 13, 2002, Plaintiff suffered a stroke and since then has been unable to effectively communicate verbally over a telephone line.

15. Plaintiff has held an account with AccountNow for approximately five (5) years.

16. Plaintiff's disability checks are automatically deposited into his account with Defendant by Direct Deposit. Plaintiff has no other source of income or financial funding.

17. On or about May 7, 2012 Plaintiff was admitted to a rehabilitation facility in National City, California. He was scheduled to stay at the facility for twenty-two (22) days total.

18. Shortly after being admitted to the rehabilitation facility, Plaintiff noticed that his card, issued by Defendant, was going to expire shortly. Plaintiff has difficulty receiving replacement cards in the past, so he wanted to contact Defendant to verify that he would receive a new card.

19. On May 21, 2012, Plaintiff contacted Defendant by email at CustomerService@accountnow.com, the email listed on Defendant's website, to explain that he needed a new card and that he could not communicate by phone due to the stroke which left him disabled and unable to effectively speak over the telephone. Plaintiff also provided his current address to Defendant.

20. On May 22, 2012, Defendant responded to Plaintiff by email with a generic response stating that new cards are automatically sent to the address on file and that if Plaintiff needed to change the address, he would have to call a customer service representative.

21. On May 24, 2012 Plaintiff emailed Defendant again to explain that he had problems receiving new cards in the past and ended up having to spend extra money to have the card sent to him. He continued to explain that he had given Defendant his address in prior emails and he could not call to discuss whether or not AccountNow had his correct address due to his disability

22. On May 25, 2012, Defendant emailed Plaintiff another generic email that stated that for security purposes, he needed to call a customer service representative to discuss any issues, again ignoring Plaintiff's inability to speak.

23. Plaintiff responded the same day, May 25, 2012, to Defendant by again explaining that he could not call Defendant's customer service representatives due to his disability.

24. On May 28, 2012 Plaintiff emailed Defendant because he had still not received a new card in the mail. In this email, Plaintiff explained the he was scheduled to leave his current location (the rehabilitation facility) on June 2, 2012 and that without a new card, he had no way of paying for anything, including food, cab fare, or accommodations.

25. Without access to his money, Plaintiff could not survive outside of the facility.

26. On May 30, 2012 Plaintiff received yet another generic email from Defendant stating that he needed to call their representatives to discuss the account.

27. By now it became apparent that Defendant had a systematic pattern of discrimination against Plaintiff and those similarly situated.

28. Plaintiff wrote back on the same day, May 30, 2012, specifically explaining to Defendant that they were in violation of the Americans with Disabilities Act

and that he would be seeking the aid of an Attorney due to the inability of Defendant to accommodate him.

29. Plaintiff wrote to Defendant on May 31, 2012 making a last effort to get a card sent to him via overnight mail, so that he would have a valid card with which to access his account on June 1, 2012.

30. Plaintiff continued to write emails to Defendant on June 4, 2012 and June 5, 2012 where he explained that he was incurring cost of approximately $200 a day due to Defendant's failure to provide him with a replacement card prior to his previous card expiring.

31. On June 5, 2012, Plaintiff contacted counsel for help in resolving the account issues with Defendant.

32. On June 7, 2012 Plaintiff's counsel contacted Defendant in an attempt to have a card sent by Defendant to Plaintiff.

33. Defendant required Plaintiff's counsel to fax a power of attorney and photo identification to their office before discussing the account or simple issue of a replacement card. Further, an Defendant representative stated that once faxed over, it would still take three to five (3-5) days to process the information.

34. On June 8, 2012, Plaintiff's counsel faxed the requested documentation to Defendant.

35. On June 11, 2012, Plaintiff's counsel was able to speak with a manager in Defendant's risk management department. This manager was able to easily issue a new card to Plaintiff, but only because Plaintiff's counsel had used a telephone to call Defendant and had the ability to speak orally with said manager.

36. On June 13, 2012 Plaintiff received the replacement card.

37. After making necessary arrangements, Plaintiff was able to leave the rehabilitation facility on June 15, 2012 and move into a rest home, where he was planning on staying until the end of the month.

38. On or about June 23, 2012, Plaintiff attempted to access his account by ATM to withdrawal money in order to purchase medication. However, he was unable to access his account with the PIN number that he had previously used with success. Plaintiff had to wait until a nurse came to visit him and she brought him the necessary medication.

39. Plaintiff was unable to get to counsel's office until July 5, 2012 where Plaintiff informed counsel that the PIN was not working on the card.

40. On July 5, 2012, Plaintiff's counsel again called the risk management manager at Defendant to resolve the PIN issue. A new temporary PIN number was set and conveyed to Plaintiff through Plaintiff's counsel, with instructions that Plaintiff should reset his PIN number using Defendant's website to a number of his choosing.

41. Plaintiff attempted to access the account again with the new temporary PIN given by account now but was unable to get cash from the ATM.

42. After several attempts, Plaintiff gave up and planned on using the card for credit card type transactions, but then found that even those transactions were now being declined.

43. Without access to his funds held by Defendant, Plaintiff had no method to pay for even necessities or to contact AccountNow on his own to resolve the issue.

44. Plaintiff's counsel contacted AccountNow again on July 6, 2012 and was informed by the risk management manager that Plaintiff had attempted to access the account too many times with the wrong PIN and the account had locked for security reasons. The account was unlocked by the AccountNow Manager and Plaintiff through counsel was advised to change PIN.

45. Plaintiff believes that the Defendant manager knew or should have known that the account was locked when Plaintiff's counsel called regarding the PIN on July 5, 2012.

46. Plaintiff's counsel and Plaintiff made several attempts to change the temporary PIN to a more favorable number. However, each time, Plaintiff and Plaintiff's counsel received notices that the attempt was not successful.

47. Between July 6, 2012 and July 9, 2012 Plaintiff attempted to access the account by ATM, but found that the temporary PIN provided by Defendant was not working.

48. On July 10, 2012 Plaintiff's counsel contacted Defendant again to resolve the issue. Plaintiff's counsel was informed that the PIN change actually did process and that Plaintiff should use the new PIN number.

49. On July 10, 2012 Plaintiff was finally able to access the money deposited into his account, but only after numerous phone calls by Plaintiff's counsel, because Defendant refused to aid Plaintiff by e-mail.

50. Throughout this entire course of events, even after the risk management department was involved and informed of the situation, Defendant did not present any alternative methods of communication by which Plaintiff could have resolved the issues with Defendant.

51. Due to Defendant's actions, Plaintiff has incurred at least $11,699.00 in costs and extra expense from the Rehabilitation facility where he was unable to leave at the scheduled time because of had no access to his money to pay for food or necessities. Causes of Action

**CLASS ACTION ALLEGATIONS**

52. Plaintiff seeks to represent the following nationwide class of persons in order to obtain injunctive relief under Federal Rule of Civil Procedure 23(b)(2):

> All mute, deaf, speech impaired, and hearing-impaired individuals in the United States who have attempted to access Defendant and as a result were denied access to the enjoyment of goods and services offered by Defendant ("Nationwide Class")

53. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) Plaintiff also seeks to represent the following California class of persons.

> All mute, deaf, speech impaired, and hearing-impaired individuals in California who have attempted to access Defendant and as a result were denied access to the enjoyment of goods and services offered by Defendant ("California Class")

54. Defendant, its employees and agents are excluded from The Classes.
55. Plaintiff does not know the number of members in The Classes, but believes The Classes' members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.
56. The joinder of The Classes' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records.
57. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Classes predominate over questions which may affect individual Class, including, but not limited to, the following:

- Whether Defendant impose requirements that screen out individuals or a class of individuals with a speech or hearing disability from use of their products and services;
- Whether Defendant failed to make reasonable modifications to their policies that would afford individuals who are mute, deaf, speech impaired or hearing impaired;
- Whether communicating by email or written correspondence is "readily achievable" as defined by 42 U.S.C. §12181(9); and
- Whether Defendant' actions constitute a violation of the ADA.

58. The claims of Plaintiffs are typical of those claims which could be alleged by any member of the Classes and the relief sought is typical of the relief which would be sought by each of the members of the Classes in separate actions.

59. Plaintiff and his counsel will fairly and adequately represent and protect the interests of all members of the Classes. Plaintiff and his counsel are aware of no conflicts with the class that would prevent them from adequately representing the class. Additionally, Plaintiff's counsel is experience in class action litigation.

60. The prosecution of individual actions would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Classes, establish incompatible standards of conduct for Defendant and result in the impairment of the rights of members of the Classes and disposition of their interests through action to which they were not parties.

### COUNT I

(By Plaintiffs individually and on behalf of the Nationwide Class)

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

61. Plaintiff, individually and on behalf of the Classes, hereby repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. Being mute or having trouble speaking qualifies as a disability. 42 U.S.C. §12102.

63. Being deaf or hard of hearing qualifies as a disability. 42 U.S.C. §12102.

64. Defendant is in the business of offering financial goods and services to the public throughout the United States.

65. Pursuant to 42 U.S.C. §12182(a) "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation..."

66. It is discriminatory to deny an individual or a class "the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. §12182(b)(1)(A)(i).

67. Individuals with disabilities are entitled to goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting that is appropriate to the needs of the individual. 42 U.S.C. §12182(b)(1)(B).

68. Companies and individuals cannot utilize standards, criteria, or methods of administration that have the effect of discriminating on the basis of a disability or that perpetuate the discrimination of others who are subject to a common administrative control 42 U.S.C. § 12182(b)(1)(D)(i) and (ii).

69. Discrimination includes imposing requirements that screen out individuals or a class of individuals with a disability; failure to make reasonable modifications that are necessary to afford individuals or a class of individuals an equal opportunity to participate; and failure to take steps that are necessary to ensure individuals with disabilities are not excluded from participation in goods and services.

70. Defendant established a policy whereby individuals can only communicate with them regarding the goods and services being offered by phone.

71. Defendant's policy discriminated against Plaintiff and others who have a speech or hearing impairment because they cannot use the telephone number provided by Defendant to communicate with Defendant. As a result, Plaintiffs and others who are have a speech or hearing impairment are denied full and equal enjoyment in participation in Defendant goods and services.

72. Defendant had the ability to provide a reasonable accommodation to Plaintiff and others who have a speech or hearing impairment. It is "readily achievable" for Defendant to communicate with Plaintiffs and others who

have a speech or hearing impairment through email or U.S. Mail. 42 U.S.C. § 12181(9).

73. Defendant was informed that Plaintiff had a speech impairment and required a reasonable accommodation yet Defendant willfully chose not to provide such an accommodation.

74. Plaintiff and the class seek all relief available under the ADA, including injunctive relief and attorneys fees and costs. 42 U.S.C. § 12188; 42 U.S.C. § 2000a-3(b).

75. Plaintiff and the class seek declaratory relief in the form of a declaration from the Court that Defendant violated the ADA.

## COUNT II

(By Plaintiffs individually and on behalf of the California Class)

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT PURSUANT TO CALIFORNIA CIVL CODE § 51**

76. Plaintiff, individually and on behalf of the California Class, hereby repeats, re-alleges, and incorporates by reference, all other paragraphs.

77. Being mute, deaf, or having a speech or hearing impairment qualifies as a disability under California Government Code § 12926.

78. All persons in California are free and equal regardless of, among other things, having a disability.

79. A violation of the right of any person under the ADA is a violation of California Civil Code § 51. Cal. Civ. Code § 51(f).

80. Defendant violated Plaintiff's and California Class members; rights under the ADA.

81. Defendant are liable to Plaintiff and the California Class members for up to three times the amount of actual damages but in no case less that $4,000, and attorneys' fees and costs. Cal. Civ. Code § 52(a).

///

82. Plaintiff is entitled to and requests an injunction against Defendant from discriminating against speech or hearing impaired people.

## COUNT III

(By Plaintiffs individually and on behalf of the California Class)

### VIOLATION OF CALIFORNIA CIVIL CODE § 51.5

83. Plaintiff, individually and on behalf of the California Class, hereby repeats, re-alleges, and incorporates by reference, all other paragraphs.

84. The law prohibits any business from discriminating against or refusing to contract with, sell, or trade with any person based on a disability.

85. Defendant discriminated against Plaintiff and members of the California Class and refused to contract with, sell, or trade with Plaintiff and members of the class because they have a speech or hearing impairment.

86. Defendant are liable to Plaintiff and the California Class members for up to three times the amount of actual damages but in no case less that $4,000, and attorneys' fees and costs. Cal. Civ. Code § 52.

87. Plaintiff is entitled to and requests an injunction against Defendant from discriminating against speech or hearing impaired people.

## COUNT IV

(By Plaintiffs individually and on behalf of the California Class)

### UNFAIR BUSINESS PRACTICES

88. Plaintiff, individually and on behalf of the California Class, hereby repeats, re-alleges, and incorporates by reference, all other paragraphs.

89. The acts complained of herein constitute unfair, unlawful, and fraudulent business practices.

90. Plaintiff and members of the California Class suffered monetary loss due to the Defendant failure to comply with the ADA, DPA the Unruh Act, and California Civil Code § 51.5 in that they incurred additional expenses and/or

were charged additional fees and interests because of Defendant discriminatory practices.

91. Defendant retained benefits from Plaintiff and members of the California Class as a result of unfair, unlawful, and fraudulent business practices.

92. Plaintiff and members of the California Class are entitled to restitution for monies paid in connection with Defendant' unfair, unlawful, and fraudulent business practices pursuant to California Business & Professions Code § 17200 et seq. as well as injunctive relief. Plaintiffs and members of the California Class are also entitled to recover attorney's fees and costs pursuant to California Code of Civil Procedure § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

<u>As to Count I: Violation of American's with Disability Act (Nationwide Class Only)</u>

- For compensatory damages, interest, costs of suit, and attorney's fees;
- For injunctive relief;
- For declaratory relief; and
- For such other and further relief as the Court deems just and proper.

<u>As to Count II: Violation of the Unruh Civil Rights Act (California Class Only)</u>

- For compensatory damages, interest, costs of suit, and attorney's fees;
- For the greater of three times the actual damages of $4,000 for each violation of Civil Code §§ 51 and 51.5;
- For injunctive relief;
- For declaratory relief; and
- For such other and further relief as the Court deems just and proper.

<u>As to Count III: Violation of California Civil Code §51.5 (California Class Only)</u>

- For compensatory damages, interest, costs of suit, and attorney's fees;

- For the greater of three times the actual damages of $4,000 for each violation of Civil Code §§ 51 and 51.5;
- For injunctive relief;
- For declaratory relief; and
- For such other and further relief as the Court deems just and proper.

<u>As to Count IV: Unfair Business Practices (California Class Only)</u>

- For compensatory damages, interest, costs of suit, and attorney's fees;
- For such other and further relief as the Court deems just and proper.

93. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 8/2/12                              By: /s/ Joshua B. Swigart
                                          Joshua B. Swigart
                                          Attorneys for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Halavais individual and on behalf of others similarly situated

### DEFENDANTS
AccountNow, Inc.

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Contra Costa, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12CV1921 BEN RBB**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 12102 et seq.
Brief description of cause:
Violation to the Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,001.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/03/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[ Print ] [ Save As... ] [ Export as FDF ] [ Retrieve FDF File ] [ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:      U.S. Civil Statute: 47 USC 553
                          Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.